J-A27023-20 & J-A27024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BEVERLY SMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| U.S. FACILITIES, INC., SCHINDLER ELEVATOR CORPORATION., THYSSENKRUPP ELEVATOR CORPORATION AND THE PHILADELPHIA MUNICIPAL AUTHORITY | |
| Appellant | No. 3104 EDA 2019 |

Appeal from the Order Entered September 17, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at Nos: 170903298, 180703393

| | |
|---|---|
| BEVERLY SMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OTIS ELEVATOR COMPANY, THYSSENKRUPP ELEVATOR CORPORATION, THYSSENKRUPP ELEVATOR MANUFACTURING, INC., AND VERTICAL EXPRESS | |
| Appellant | No. 3105 EDA 2019 |

Appeal from the Order Entered September 17, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at Nos: 170903298, 180703393

BEFORE:  STABILE, J., NICHOLS, J., and COLINS, J.*

_____

* Retired Senior Judge assigned to the Superior Court.

CONCURRING AND DISSENTING MEMORANDUM BY STABILE, J.:

Filed: June 10, 2021

I agree with the learned Majority that the trial court properly determined expert testimony was required to prove Appellant's negligence claims, and concur in the Majority's conclusion that summary judgment was appropriately granted in both cases before us on appeal. However, I write separately to distance myself from the Majority's analysis of the *res ipsa loquitur* issue.

Essentially, the Majority analyzed the elements of the Restatement (Second) of Torts § 328D and determined that Appellant failed to establish the requisite elements of *res ipsa*, agreeing with the trial court's assessment that there is not "a fund of common knowledge concerning the process by which bolts are caused to break and become loose, from which a layperson could reasonably draw the inference or conclusion that Appellees' acts caused her damages." Majority Memorandum at 21 (quoting Trial Court Opinion, 11/25/19, at 14). However, I believe *res ipsa* is inapplicable for a more basic reason, *i.e.*, there is direct evidence of negligence in this case.

As Justice Newman explained in ***Toogood v. Rogal***, 824 A.2d 1140 (Pa. 2003) (plurality):

> *Res ipsa loquitur* is neither a doctrine of substantive law nor a theory; rather, it is a rule of circumstantial evidence. . . .
>
> The doctrine of *res ipsa loquitur* allows plaintiffs, without direct evidence of the elements of negligence, to present their case to the jury based on an inference of negligence. The key to the doctrine is that a sufficient fund of common knowledge exists within a jury of laypersons to justify raising the inference.

> Instead of directly proving the elements of ordinary negligence, the plaintiff provides evidence of facts and circumstances surrounding his injury that make the inference of the defendant's negligence reasonable. . . . This theory relieves the plaintiff of having to prove causation directly.

*Id.* at 1146 (emphasis added). ***See also MacNutt v. Temple University Hospital, Inc.***, 932 A.2d 980, 986 (Pa. Super. 2007) (*en banc*) ("[t]he doctrine of *res ipsa loquitur* is a rule of circumstantial evidence which allows plaintiffs, **without direct evidence of the elements of negligence**, to present their case to the jury based on an inference of negligence.") (emphasis added). The trial court stated that the "[i]nvestigation into the cause of the accident revealed that eight bolts near the elevator's motor had failed." Trial Court Opinion, 11/25/19, at 3 (citing Appellant's Memorandum in Opposition to Appellee ThyssenKrupp's Motion for Summary Judgment). Unlike a situation where there is no direct evidence of causation, here there was deposition testimony that the elevator malfunction was caused by the failure of eight bolts. Therefore, this is not a *res ipsa* case where an inference of negligence is allowed because there is no direct evidence of negligence. Consequently, an analysis of the Section 328D factors is not necessary to the disposition of these appeals.

As the Majority correctly determined, Appellant could not establish the causation element of a negligence case without expert testimony because an elevator is a complex piece of machinery, the workings of which are beyond the ken of the average layperson. Majority Memorandum at 13-19. The issue,

however, of whether expert testimony is necessary to assist a jury to understand matters not within the common knowledge of a layperson, **see** Pa.R.E. 702, has no bearing on whether a *res ispa loquitur* inference may be permitted when there is no direct proof of negligence. Nonetheless, because Appellant failed to identify an expert on the issue of causation, summary judgment was appropriate.

In summary, I concur in the Majority's affirmance of the grant of summary judgment and agree with the Majority's analysis of summary judgment with respect to Appellant's negligence claims. However, while I concur the overall result, I do not join the Majority's Memorandum with respect to its analysis of the *res ipsa* issue.